# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

**ROSEMAY G. MANZANO**

_____/

**INDICTMENT**

3:26cr123-TKW

THE GRAND JURY CHARGES:

## COUNTS ONE THROUGH SEVENTEEN

### A. THE CHARGE

Between on or about January 1, 2016, and on or about February 12, 2026, in the Northern District of Florida, the defendant,

**ROSEMAY G. MANZANO,**

did knowingly and willfully execute and attempt to execute a scheme to obtain moneys and funds owned by and under the custody and control of a federally insured financial institution by means of material false and fraudulent pretenses, representations, and promises.

### B. MANNER AND MEANS

It was part of the scheme that:

FILED USDC FLND PN
JUL 21 '26 PM 1:09

Returned in open court pursuant to Rule 6(f)

7/21/2026
Date

United States Magistrate Judge

1.      Individual 1 was the owner and operator of Company 1, which did business in Crestview, Florida, and elsewhere. Defendant **ROSEMAY G. MANZANO** ("**MANZANO**") was employed by Individual 1 as an assistant and, later, office manager for Company 1 from 2016 until approximately August 2025. Individual 1 eventually put **MANZANO** in charge of bookkeeping duties, including tracking and transferring income, sending and paying bills and invoices, and payroll. **MANZANO** was entrusted with access to Individual 1 and his corporations' financial accounts and information.

2.      Income earned by Company 1 was deposited into corporate bank accounts over which Individual 1 had signatory authority as owner, including a BBVA Bank account ending in 7069, which later became a PNC Bank account ending in 7517. Individual 1 permitted **MANZANO** to use a stamp of his signature to make certain authorized expenditures from Company 1's bank accounts.

3.      In approximately 2019, Individual 1 started two new corporations, Company 2 and Company 3, and instructed **MANZANO** to register them with the state of Florida and open corresponding corporate bank accounts on Individual 1's behalf. Individual 1 directed **MANZANO** how Individual 1's personal and business income should flow between, be spent from, and be maintained in his various corporate bank accounts.

2

4.      Between in or around November 2019 and January 2020, **MANZANO** opened multiple corporate bank accounts at Wells Fargo Bank, including accounts ending in 4830 in the name of Company 2, ending in 8587 in the name of Company 2, and ending in 2708 in the name of Company 3. However, contrary to Individual 1's instructions and without his knowledge, **MANZANO** listed herself as the owner of Company 2 and Company 3 and as the sole signatory on these accounts.

5.      **MANZANO** transferred the bulk of the income earned by Individual 1 and Company 1 into the Wells Fargo Bank accounts in the names of Company 2 and Company 3 over which she had sole control by writing checks using Individual 1's signature stamp and depositing them into those accounts. Once **MANZANO** had control of these funds, which totaled approximately $4.8 million, she spent a substantial portion of Individual 1 and Company 1's earned profits without authorization via electronic wire transactions, cash withdrawals, account transfers, and other methods.

6.      **MANZANO** used the embezzled funds to which she was not entitled for own personal use and the use of others to pay for, among other things: over $330,000 for the cash purchase of her residence on Paradise Palm Circle in Crestview, Florida; over $265,000 in renovation/design services and property taxes for that residence; over $1 million for personal credit card expenditures; over $1

3

million in personal third-party payment application transfers; over $200,000 for multiple horses and horse-related equipment and services; over $60,000 in travel and vacation expenditures; dozens of firearms and firearm-related purchases; and multiple vehicles.

7.     **MANZANO** performed acts and made statements to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of her scheme.

8.     **MANZANO** created and provided to Individual 1 false documentation, including bank statements and emails, which fraudulently misrepresented: the amount of funds being held in Company 2 and Company 3's bank accounts; how Individual 1 and Company 1's money was actually being spent; and that **MANZANO** was doing with Individual 1 and Company 1's profits what Individual 1 instructed. **MANZANO** also recruited people to impersonate financial institution representatives to speak with Individual 1.

9.     By this conduct, **MANZANO** successfully embezzled over $4 million in moneys and funds owned by Individual 1 and Company 1 to which she was not entitled that were under the custody and control of BBVA, later PNC Bank, and that were insured by the Federal Deposit Insurance Corporation.

## C.  EXECUTION OF THE SCHEME

For the purpose of executing and attempting to execute this fraudulent scheme, the defendant, **ROSEMAY G. MANZANO**, did knowingly and intentionally cause checks to be drawn from a BBVA Bank account ending in 7069, which later became a PNC Bank account ending in 7517, and deposited into Wells Fargo Bank accounts in her sole control as set forth on or about the dates below:

| COUNT | DATE | AMOUNT(S) | DEPOSIT ACCOUNT(S) |
|---|---|---|---|
| 1 | October 1, 2021 | $280,921.64; $325,500 | Ending in 4830 |
| 2 | March 29, 2022 | $97,000; $21,000; $86,000 | Ending in 4830 |
| 3 | December 16, 2022 | $97,500; $100,490; $95,300 | Ending in 4830 |
| 4 | March 24, 2023 | $95,000 | Ending in 4830 |
| 5 | May 18, 2023 | $53,500 | Ending in 4830 |
| 6 | July 17, 2023 | $30,000 | Ending in 4830 |
| 7 | July 25, 2023 | $23,400 | Ending in 4830 |
| 8 | September 14, 2023 | $27,500; $32,900 | Ending in 4830 |
| 9 | October 20, 2023 | $55,000; $63,400 | Ending in 4830 |
| 10 | November 29, 2023 | $50,500 | Ending in 4830 |
| 11 | January 11, 2024 | $63,500 | Ending in 4830 |
| 12 | February 7, 2024 | $24,500 | Ending in 4830 |
| 13 | April 15, 2024 | $53,900 | Ending in 4830 |
| 14 | July 22, 2024 | $53,500 | Ending in 4830 |
| 15 | July 29, 2024 | $24,500 | Ending in 4830 |
| 16 | February 28, 2025 | $19,300; $25,000 | Ending in 4830; ending in 8587 |
| 17 | July 21, 2025 | $42,600 | Ending in 8587 |

In violation of Title 18, United States Code, Section 1344(2).

## COUNTS EIGHTEEN THROUGH THIRTY-SIX

On or about the dates listed below, in the Northern District of Florida, the defendant,

## ROSEMAY G. MANZANO,

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit, bank fraud, as charged in Counts One through Seventeen of this Indictment, as set forth below:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 18 | October 19, 2021 | $22,500.00 check drawn from Wells Fargo Bank account ending in 2708 for purchase of a horse |
| 19 | January 6, 2022 | $22,500.00 check drawn from Wells Fargo Bank account ending in 2708 for purchase of a horse |
| 20 | June 2, 2022 | $10,725.00 transfer from Wells Fargo Bank account ending in 2708 to PayPal account |
| 21 | January 17, 2023 | $15,000.00 transfer from Wells Fargo Bank account ending in 2708 to PayPal account |
| 22 | April 11, 2023 | $16,741.73 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 23 | April 13, 2023 | $15,000.00 transfer from Wells Fargo Bank account ending in 2708 to PayPal account |
| 24 | May 25, 2023 | $11,686.54 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |

| COUNT | DATE | TRANSACTION |
|:---:|:---:|:---:|
| 25 | July 27, 2023 | $37,677.09 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 26 | September 18, 2023 | $35,000.00 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 27 | October 23, 2023 | $39,301.82 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 28 | December 8, 2023 | $20,000.00 cashier's check drawn from Wells Fargo Bank account ending in 2708 for purchase of 2023 Ram 1500 |
| 29 | January 16, 2024 | $28,000.00 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 30 | February 8, 2024 | $25,000.00 wire transfer from Wells Fargo Bank account ending in 2708 for purchase of a horse |
| 31 | April 17, 2024 | $25,000.00 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 32 | July 23, 2024 | $10,554.25 payment from Wells Fargo Bank account ending in 8587 for Discover credit card |
| 33 | July 24, 2024 | $20,901.36 payment from Wells Fargo Bank account ending in 2708 for Chase credit card |
| 34 | July 29, 2024 | $16,800.00 transfer from Wells Fargo Bank account ending in 4830 to PayPal account |
| 35 | February 3, 2025 | $21,000.00 transfer from Wells Fargo Bank account ending in 4830 to PayPal account |
| 36 | July 21, 2025 | $10,213.27 payment from Wells Fargo Bank account ending in 8587 for Discover credit card |

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT THIRTY-SEVEN

Between on or about September 1, 2018, and August 30, 2025, in the

Northern District of Florida, the defendant,

7

**ROSEMAY G. MANZANO,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the names of C.H., J.H., and J.B., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, bank fraud, as charged Counts One through Seventeen of this Indictment.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-EIGHT

On or about May 13, 2021, in the Northern District of Florida, the defendant,

**ROSEMAY G. MANZANO,**

a resident of Crestview, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2020, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented a total income of $1,501.00, when, in truth and fact and as the defendant then well knew, her total income for the calendar year 2020 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

8

## COUNT THIRTY-NINE

On or about April 14, 2022, in the Northern District of Florida, the defendant,

## ROSEMAY G. MANZANO,

a resident of Crestview, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2021, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented a total income of $25,423.00, when, in truth and fact and as the defendant then well knew, her total income for the calendar year 2021 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FORTY

On or about April 17, 2023, in the Northern District of Florida, the defendant,

## ROSEMAY G. MANZANO,

a resident of Crestview, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2022, which was filed with the Internal Revenue Service and contained and was verified by a written

9

declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented a total income of $28,854.00, when, in truth and fact and as the defendant then well knew, her total income for the calendar year 2022 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FORTY-ONE

On or about April 12, 2024, in the Northern District of Florida, the defendant,

## ROSEMAY G. MANZANO,

a resident of Crestview, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2023, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented a total income of $37,700.00, when, in truth and fact and as the defendant then well knew, her total income for the calendar year 2023 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FORTY-TWO

On or about April 14, 2025, in the Northern District of Florida, the defendant,

**ROSEMAY G. MANZANO,**

a resident of Crestview, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2024, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented a total income of $38,425.00, when, in truth and fact and as the defendant then well knew, her total income for the calendar year 2024 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

## CRIMINAL FORFEITURE

The allegations in Counts One through Thirty-Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From the defendant's engagement in the violations alleged in Counts One through Thirty-Six of this Indictment, the defendant,

**ROSEMAY G. MANZANO,**

shall forfeit to the United States of America:

(A)    pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1344(2), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds obtained, directly and indirectly, as a result of such violations; and

(B)    pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, any and all of the defendant's right, title, and interest in any property, real and personal, involved in such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

i.    real property located at 232 Paradise Palm Circle, Crestview, Florida, more particularly described as:

> Lot 7, Block D, LIBERTY OAKS, according to the Plat thereof, recorded in Plat Book 25, Page(s) 75 through 77, of the Public Records of Okaloosa County, Florida;

ii.    a 2020 red Subaru Outback Limited 4D Wagon, Vehicle Identification Number 4S4BTANC7L3141493, seized from **ROSEMAY G. MANZANO** on or about February 12, 2026; and

iii.    a 2013 gray Chevrolet Camaro Z11 2D Convertible, Vehicle

Identification Number 2G1FL3DP3D9803335, seized from

**ROSEMAY G. MANZANO** on or about February 12, 2026.

If any of the property described above as being subject to forfeiture, as a

result of any act or omission of the defendant:

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of this Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1),

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL:

_____
FOREPERSON

_____
DATE   7/21/2026

_____
JOHN P. HEEKIN
United States Attorney

_____
ALICIA H. FORBES
Assistant United States Attorney

14